# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WANDA M. BELLOW | : | DOCKET NO. 2:06-cv-920 |
| VS. | : | JUDGE MINALDI |
| COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE KAY |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On September 14, 2007, the Magistrate Judge previously assigned to this case issued a Report and Recommendation recommending that the District Judge affirm the decision of the Commissioner to deny plaintiff social security disability benefits. Doc. 17. In the Report and Recommendation, the Magistrate noted that certain materials (as more fully set forth below) were not contained within the record. Based in part on this lack of a complete record, plaintiff filed an objection to the Report and Recommendation. Doc. 18. In an order dated November 20, 2007, the District Judge found that the Magistrate could not determine sufficiently whether the Commissioner's decision is supported by substantial evidence due to the incomplete record. Accordingly, the District Judge granted plaintiff's Motion to Remand the case to the Social Security Administration and further ordered that upon procurement of the complete administrative record the Magistrate supplement the 2007 Report and Recommendation. Having received the necessary documents from the Administration, the undersigned finds that the Commissioner's decision is supported by substantial evidence and should therefore be affirmed. Accordingly, it is also recommended that plaintiff's Complaint should be dismissed.

# I.
# BACKGROUND

## A. *Administrative Proceedings*

Plaintiff to this action, Wanda M. Bellow, initially filed an application for disability insurance benefits and supplemental security income on November 10, 1997, claiming disability due to seizures and lung disease beginning June 10, 1996. Transcript at 58-60, 67-69. Plaintiff's application for benefits was denied, and plaintiff requested a hearing before an administrative law judge (ALJ). *Id.* at 40-43. On January 11, 1999, the ALJ determined that plaintiff was not disabled under the Act, finding at Step Five of the sequential evaluation process that although she was not able to return to her past relevant work, she was able to make an adjustment to work that exists in substantial numbers in the national economy. *Id.* at 15-28. Plaintiff sought review by this court. *Bellow v. Social Security Administration*, 2:00-cv-2153 (WDLA). The Commissioner filed an unopposed Motion to Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) due to the ALJ's reliance on the Medical-Vocational Guidelines despite the presence of non-exertional impairments. *Id.*, doc. 9. The matter was reversed and remanded to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings, including assessment of plaintiff's subjective complaints and additional medical evidence relating to these complaints if needed, consideration of the state agency physician's assessed limitations on climbing, and vocational expert testimony. *Id.,* doc. 10.

A second ALJ denied benefits to plaintiff in a decision dated November 4, 2002.[1] She appealed to the Appeals Council, and on May 10, 2003, the Appeals Council remanded to the ALJ for further evaluation of plaintiff's subjective complaints and for further evaluation of the

---

[1] The Magistrate noted that this decision was not contained within the record before him when he issued the Report and Recommendation supplemented here. This decision is contained within the additional materials supplied to the court by the Social Security Administration in response to the November 20, 2007 order of the District Judge.

opinions of the non-examining state agency consultants. Transcript at 308. Following remand by the Appeals Council, a third ALJ denied benefits to plaintiff at Step 5 in a decision dated October 27, 2004. The Appeals Council assumed jurisdiction of the case and on November 5, 2005, affirmed the ALJ's findings under steps 1, 2, 3, 4, and 5 of the sequential evaluation, specifically finding that:

1. plaintiff has not engaged in substantial gainful activity since June 10, 1996;
2. plaintiff has severe impairments of seizure disorder and mild chronic obstructive pulmonary disease;
3. plaintiff's impairments do not meet a Listing;
4. plaintiff is not capable of performing her past relevant work; and
5. There are a significant number of jobs in the national economy that plaintiff is capable of performing.

*Id.* at 308-11.

The Appeals Council also found that plaintiff last met the insured status requirements for disability on September 30, 2002. Therefore, in order to be eligible for disability benefits under Title II, plaintiff must demonstrate that she was disabled prior to that date.

*B. The Magistrate's Report and Recommendation*

Plaintiff sought review with this court on June 2, 2006. Plaintiff argued that: (1) the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence; (2) the ALJ failed to fully develop the record regarding plaintiff's mental impairment because he did not order a psychiatric or psychological consultative examination; and (3) the hypothetical question posed to the Vocational Expert was defective because it did not accurately reflect plaintiff's impairments.

1. <u>The ALJ's RFC Determination</u>

With regard to the first assignment of error, plaintiff challenged the ALJ's RFC determination on two grounds: (a) a finding by Dr. Shamieh that plaintiff is "disabled indefinitely"; and (b) the alleged inconsistency in finding that plaintiff could perform less than a full range of medium work but not her past relevant light work. The Magistrate determined that the findings of Dr. Shamieh were not contradictory to the ALJ's determination of plaintiff's RFC because they were made after the expiration of plaintiff's insured status and thus not relevant to the time period for which the ALJ determined plaintiff's RFC. Doc. 17, at 5-6 (citing Transcript at 449, 457; *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005)). The ALJ also noted that a determination by Dr. Shamieh that plaintiff is disabled is not a medical opinion and is accorded no special weight or significance. *Id.* at 6 (citing 20 C.F.R. § 404.1527(e); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)).

With regard to plaintiff's assertion that the ALJ's determination that she could perform less than a full range of medium work is contradictory to his finding that she could not perform her past relevant light work, the Magistrate found this claim also lacked merit. The Magistrate determined the ALJ found that plaintiff was not able to perform her past relevant work because of exposure to chemicals, not because of any exertional limitations. The Magistrate noted that the regulations do not require that the "other work" an ALJ determines a plaintiff can perform be at a lower exertional level than the claimant's past relevant work. *Id.* (citing 20 C.F.R. § 404.1520).

The Magistrate concluded with regard to plaintiff's first assignment of error that the ALJ did not apply an improper legal standard and that the ALJ's decision was supported by substantial evidence.

4

2. The ALJ's Development of the Record Regarding Plaintiff's Alleged Mental Impairment

The Magistrate next addressed plaintiff's contention that the ALJ should have ordered that she undergo a consultative psychological examination in order to fully develop the record with respect to her alleged mental impairments. Noting that "'[t]he ALJ's duty to investigate . . . does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record" (Doc. 17, quoting *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995)), the Magistrate stated that the record was devoid of any medical evidence supporting a diagnosis or treatment for depression, or of a recommendation that she undergo a psychiatric examination during the relevant time period. However, the Magistrate also noted:

> Plaintiff's attorney makes a confusing argument regarding 2 medical reports dated November and December, 2002 by Dr. Sconcert and an unnamed physician which are not contained in the record. The unnamed physician allegedly opined in December, 2002 that Bellow suffered from "a mental disorder, mild anxious depression, reactive" but that she received no medication for it, had not been hospitalized and did not need periodic psychiatric examinations. Dr. Sconcert allegedly wrote a statement in November, 2002 wherein he stated that Bellow suffered from depression, moderate to severe and recommended psychiatric treatment. However, neither of these medical reports from late 2002 are included in the record, nor is the 2004 ALJ decision which plaintiff's attorney cites. Counsel's argument is not evidence, and it is questionable whether these reports which post-date Bellow's insured status are relevant to the time period at issue even if they were produced by the plaintiff.

Doc. 17, at 8 n.5.

The Magistrate noted that plaintiff herself reported feeling stressed and depressed, but further noted that plaintiff's subjective complaints were not found credible by the ALJ. *Id.* at 8 (citing Transcript at 36, 39, 94, 179, 215, 310). The Magistrate determined that plaintiff's evidence and argument did not meet the standard adopted in *Leggett*—that given the lack of

5

medical evidence, the few references made by plaintiff were not sufficient to warrant a consultative examination.

   3. <u>The Hypothetical Question Posed to the Vocational Expert Did Not Accurately Reflect Plaintiff's Impairments</u>

Finally, the Magistrate addressed plaintiff's argument that the ALJ posed a question to the Vocational Expert that did not accurately include plaintiff's impairments. Specifically, plaintiff argued that the ALJ's hypothetical question was defective because the ALJ did not know the frequency of Bellow's seizures due to a gap in the medical evidence and because the ALJ did not include depression as a non-exertional limitation in the hypothetical.

Noting that the ALJ's hypothetical need include only plaintiff's impairments as accepted by the ALJ, the Magistrate found that the ALJ was not bound to include depression in the hypothetical question because the ALJ did not find that depression was a significant impairment of plaintiff. *Id.* at 8-9 (citing *Bowling v. Shalala,* 36 F.3d 431 (5th Cir. 1994)).

The Magistrate also found that the ALJ assumed a seizure frequency greater than that supported by the medical evidence and noted the gap in medical evidence in formulating his hypothetical question to the vocational expert. Accordingly, the Magistrate determined that because the hypothetical was actually more favorable to her than the medical evidence she produced otherwise supported, the hypothetical was not defective in this respect. *Id* at 8-9.

Having determined that plaintiff's assignments of error were without merit, the Magistrate recommended the Commissioner's decision be affirmed and the matter be dismissed.

Plaintiff timely objected to the Magistrate's Report and Recommendation maintaining the three assignments of error described above. Doc. 18. In addition, plaintiff argued that the ALJ referred to the two medical reports identified in the Magistrate's Report and Recommendation in a 2004 decision denying benefits and that these documents should have been produced to the

Magistrate. Plaintiff argued that the proper remedy was remand of the case so that the Commissioner could provide a complete record for judicial review.

## C. *The District Judge's Order*

As previously mentioned, the District Judge ordered that plaintiff's Motion for Remand should be granted. Doc. 19. Specifically, the District Judge noted "the plaintiff objects on several grounds, one of which is that the Magistrate did not review the entire record, because two medical reports on which the Administrative Law Judge ("ALJ") relied were absent in the administrative transcript." *Id.* at 1. The court held "because the Magistrate did not have the entire record-namely, two medical reports dated in November and December by Dr. Sconcert and an unnamed physician-this court cannot determine whether the ALJ's findings were supported by substantial evidence . . . ." *Id.* The court ordered that once the complete record was produced the Magistrate should supplement the September 14, 2007 Report and Recommendation.

In accordance with the order of the District Judge, the case was remanded to the Social Security Administration, and a supplemental record was produced.

## II.
## ANALYSIS

As noted in the previous Report and Recommendation entered in this matter, the two medical reports referred to by plaintiff and submitted on order of the District Judge are relevant to the question of whether the ALJ sufficiently developed the record regarding plaintiff's alleged mental impairment, depression.

Specifically, plaintiff asserts that the two medical reports, taken, respectively, one and two months after plaintiff's insured status expired warranted that the ALJ order a consultative psychiatric or psychological examination regarding whether plaintiff suffered from debilitating

7

depression. Doc. 12, at 10-11. Plaintiff further asserts that the ALJ's failure to take such action prejudiced her. *Id*. She argues that one may infer the presence of a mental impairment prior to the expiration of plaintiff's insured status based on a later determination that such impairment exists. *Id.* (citing *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993)).

One of the two medical records supplied is dated December 2, 2002, approximately two months after the expiration of plaintiff's insured status and is a medical examination form used by the Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles for determination of whether any medical condition should prevent an applicant from operating a motor vehicle. Transcript at 502-03. The document is signed by a David S. Post and indicates that plaintiff has symptoms of reactive, anxious depression of a mild severity. *Id.* Dr. Post notes that plaintiff receives no medication for this condition and did not recommend that she undergo future psychiatric examinations. *Id.*

The other record now before the court is the same form document from the Louisiana Office of Motor Vehicles. *Id.* at 504-05. It is dated November 4, 2002—one month after the expiration of plaintiff's insured status. *Id.* However, this document has been signed by Alan Sconcert. *Id.* Dr. Sconcert opined that plaintiff suffered from moderate to severe depression. *Id.* Dr. Sconcert noted that plaintiff receives no medication for this condition, but recommended that she be under psychiatric care for depression. *Id.*

In the Hearing Decision, the ALJ noted that claimant has the burden of proving herself disabled. Transcript at 470 (citing 20 C.F.R. 404.1512). The ALJ considered whether the evidence submitted by plaintiff supported a finding that she suffered from the mental impairment depression or from memory loss. Transcript at 470. The ALJ observed that no evidence supported plaintiff had ever been prescribed any psychoactive medication. *Id.* The ALJ noted

that plaintiff submitted the two Office of Motor Vehicle Forms. *Id.* at 471. The ALJ noted that these two reports do not indicate plaintiff had ever been prescribed any medication or had ever been placed in psychiatric care. *Id.* The ALJ also noted that plaintiff did not testify to having ever received psychiatric care. *Id.*

The ALJ opined:

> Bluntly put, the undersigned sees no place in the record where any identifiable doctor whose medical records appear in the file diagnoses claimant with depression or with memory loss, either short term or long term. Claimant mentioned in testimony that she took medications for depression - but no medical record shows such a prescription. If Dr. Sconcert or any other doctor reached a diagnosis that claimant had depression or memory loss, then claimant should have presented medical evidence to show that and the bases for any such diagnosis. One might expect that sometime during the four years between filing that Appeals Council brief and the July 2004 hearing, claimant's counsel would have obtained any such medical records or other evidence of depression or memory loss that might exist and present that evidence for the undersigned. Claimant's counsel took no such action. The undersigned held the record open for 60 days after the 2004 hearing for claimant to present such records - and claimant's counsel presented not a single document. The undersigned concludes that no such documents exist.

*Id.*

Contrary to the argument made by plaintiff that the ALJ failed to develop the record, the ALJ observed that the record taken as a whole did not support a finding of depression. The ALJ's observation was determined based on a complete absence of any evidence of depression prior to the expiration of plaintiff's insured status.[2]

The Magistrate noted that plaintiff herself reported feeling stressed and depressed, but further noted that plaintiff's subjective complaints were not found credible by the ALJ. *Id.* at 8

---

[2] When the Appeals Council adopted the ALJ's decision to deny plaintiff benefits it observed that the ALJ erroneously determined that plaintiff's insured status expired in 2000. The Appeals Council found that plaintiff's insured status expired in 2002. However, it is undisputed that the two medical reports currently under consideration are dated after the expiration of plaintiff's benefits in 2002. Thus, it is of no moment that the ALJ erroneously calculated the expiration of plaintiff's insured status.

9

(citing Transcript at 36, 39, 94, 179, 215, 310). The Magistrate determined that plaintiff's evidence and argument did not meet the standard adopted in *Leggett*—that given the lack of medical evidence, the few references made by plaintiff were not sufficient to warrant a consultative examination.

Upon consideration of the additional medical records and the ALJ's hearing decision, it is clear under *Leggett* that the Magistrate's prior recommendation should be maintained in this supplement. In *Leggett*, the claimant contended that the ALJ should have ordered psychological tests to determine whether he suffered from a mental impairment. 67 F.3d at 566. The Fifth Circuit noted that the claimant has the burden of proving disability and the ALJ has the duty to develop facts. The court further noted that the ALJ's duty to investigate does not extend to disabilities not clearly indicated in the record. Noting that some references to the mental impairment alleged by plaintiff appeared on the record, the court noted that "these comments were isolated and [plaintiff] was not treated for them." *Id.* The court noted that the ALJ was not required to develop the record where no evidence in the record suggested an onset of the alleged disability during the relevant period. *Id.*

Although plaintiff suggests that the presence of her alleged mental impairment may be inferred from the two medical records made after her coverage period lapsed, the *Spellman* case on which she relies is distinguishable. In *Spellman*, the plaintiff argued that the Appeals Council failed to comply with Social Security Ruling 83-20, which prescribes the procedure the Secretary should use to determine the onset date of disability. 1 F.3d at 360. Plaintiff argued that the date of onset chosen by the Appeals Council was arbitrary. *Id.* The court noted the standard to be applied—when the exact date of onset cannot be determined, the onset date may be inferred from the history and symptomatology of the disease process. *Id.* at 361 (citing Social Security Ruling

83-20). The ALJ then makes an informed judgment with a legitimate medical basis upon consideration of the medical evidence and the assistance of a medical advisor. *Id.* The court applied the standard in the case noting that medical evidence throughout the period of alleged disability supported a finding that a mental impairment existed, but that the date the mental impairment became disabling could not be pinpointed without the assistance of a medical advisor. *Id.* at 363. Accordingly, the court ordered the case remanded to determine the date of onset of plaintiff's mental impairment as a disability. *Id.* at 363-64. Such a determination would require a legitimate medical basis. *Id.* at 363.

In the instant case, the ALJ considered the medical evidence before it to determine whether plaintiff suffered from the mental impairment of depression, but concluded that no evidence in the record supported such a finding during the relevant time period. The ALJ noted the two Office of Motor Vehicle Forms submitted by plaintiff, but further noted that plaintiff failed to submit any medical records forming the basis of these diagnoses. The ALJ noted that plaintiff had sixty days after the 2004 hearing to supply such additional evidence but failed to do so.

As in *Leggett*, references in this record to plaintiff's alleged impairment of depression were isolated and plaintiff was not treated for them. Unlike *Spellman*, no medical evidence collected during the relevant period suggests an onset of the mental impairment of depression prior to the expiration of plaintiff's insured status. Moreover, the ALJ specifically considered the medical reports but found that the record taken as a whole did not support a finding that plaintiff suffered from disabling depression. Plaintiff suggest that the two Office of Motor Vehicle Forms remain unrebutted by other medical evidence, but as observed by the ALJ, the fact that plaintiff was unable to supply any record supporting a diagnosis of or treatment for

depression during or even after the relevant time period weighs heavily against a finding that she suffered from depression prior to the expiration of her disability benefits. It is the ALJ's job to weigh evidence and to choose what evidence to credit. *Perez*, 415 F.3d 457, 461. This court has reviewed the decision of the ALJ and finds that it is supported by substantial evidence. *Id.*

### III.
### CONCLUSION

Having considered the additional record evidence ordered submitted to the court, the undersigned recommends that the previous report and recommendation issued by the Magistrate be adopted with the supplemental considerations made herein. Accordingly, IT IS RECOMMENDED that the Commissioner's determination be AFFIRMED and that plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 30th day of September, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE